DISTRICT OF OREGON
**F I L E D**
September 30, 2021
Clerk, U.S. Bankruptcy Court

Below is an opinion of the court.

_____
THOMAS M. RENN
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re: | |
| Tracy Aaron Malone, | Case No. 20-62104-tmr11 |
| Debtor. | |
| Tracy Aaron Malone, | Adv. Proc. No. 21-6002-tmr |
| Plaintiff, | |
| v. | Memorandum Opinion[1] on Defendant's Motion to Dismiss |
| IOU Central, Inc., dba IOU Financial, | |
| Defendant. | |

Plaintiff Tracy Aaron Malone commenced this adversary proceeding by filing a complaint to determine the extent and validity of a lien asserted by Defendant IOU Central, Inc., dba IOU Financial. Doc. #1.[2] Defendant responded by filing a Motion to Dismiss or Transfer

---

[1] This disposition is specific to this case and is not intended for publication or to have a controlling effect on other cases. It may, however, be cited for whatever persuasive value it may have.

[2] This opinion identifies documents filed in this adversary proceeding (#21-6002) by the number on the adversary docket as "Doc. #___." It references documents filed in the main bankruptcy case (#20-62104) by the number on the main case docket as "Main Case Doc. #___."

Page 1 of 9:  Memorandum Opinion on Defendant's Motion to Dismiss

Adversary Case. Doc. #7. Defendant also filed a notice that it does not consent to the bankruptcy court's entry of final orders or judgments in this matter. Doc. #13. Defendant later filed an Amended Motion to Dismiss or Transfer Adversary Case. Doc. #16. Plaintiff responded to the original motion and to the amended motion. Doc. #14 and Doc. #21. The parties have briefed and argued the motion as amended, and the court is ready to rule. For the reasons in this opinion, the court will deny the motion to dismiss or transfer the proceeding.

**Background:**

It is useful to place this adversary proceeding in the broader context of the bankruptcy case to understand its timing and to address Defendant's asserted lack of consent. Although Plaintiff does not include all the events listed here in the complaint, the court takes judicial notice under Fed. R. Evid. 201 of the documents filed in the main bankruptcy case. While the facts contained in those documents are not established simply by their filing, the act of their filing and the dates of the documents are established and provide context for the claims asserted in the adversary proceeding. The complaint does refer to the voluntary petition in the bankruptcy case, the relevant loan documents including the guaranty, the UCC-1 financing statement, Schedule D, Proof of Claim #23, and the order on the claim objection.

On September 9, 2020, Plaintiff filed his petition for relief under subchapter V of chapter 11 of the Bankruptcy Code.[3] Doc. #1, para. 6. *See also* Main Case Doc. #1. Plaintiff listed Defendant in his Schedule D, filed September 23, 2020, as a secured creditor with collateral consisting of all business equipment, accounts, and receivables with a value of $98,787.11. Main Case Doc. #29.[4] In his Schedule A/B and Statement of Financial Affairs, Plaintiff listed business connections to Calculated Comfort, LLC, and to Calculated Comfort. Main Case Doc. #29.[5]

///

---

[3] Title 11 of the United States Code. Unless otherwise specified, all additional statutory references are to Title 11. Citations to the Federal Rules of Civil Procedure are FRCP and to the Federal Rules of Bankruptcy Procedure are FRBP.
[4] Amended Schedule D filed as Main Case Doc. #35 did not change that listing.
[5] Amended Schedule A/B, filed as Main Case Doc. #34, and Amended Statement of Financial Affairs, filed as Main Case Doc. #36, did not change those listings.

Page 2 of 9: Memorandum Opinion on Defendant's Motion to Dismiss

According to the confirmed plan of reorganization, Plaintiff has operated a heating, ventilation, air conditioning, and refrigeration business in Central Point, Oregon. Main Case Doc. #60. The plan further provides that, prior to the filing, the business was operated through an entity, Calculated Comfort, LLC, which was dissolved September 2, 2020. Plaintiff asserts in his complaint that the LLC transferred all its assets to him personally by a bill of sale dated August 20, 2020. Doc. #1, para. 9. Plaintiff continues to operate the business as Calculated Comfort. Main Case Doc. #60. Although the LLC had two other members, since March 24, 2020, Plaintiff claims to be the only member and owner of the LLC. *Id.*

On November 18, 2020, Defendant filed Proof of Claim #23, claiming $324,566.91 secured by "all real and personal property of debtor." Defendant valued its collateral at $324,566.91 in the claim. The claim included a one-page summary of the amount claimed, but it did not include any other attachments. Contrary to the form's instructions and the requirements of FRBP 3001(c) and (d), Defendant did not attach copies of the underlying writings or documents showing evidence of the perfection of any claimed security interest. In his complaint, Plaintiff asserts that Defendant has refused to provide documents supporting its claim. Doc. #1, para. 8.

On November 24, 2020, Plaintiff objected to Proof of Claim #23 by using Local Bankruptcy Form 763.3, in which he marked form objections asserting that creditor failed to seek a determination of value or to include a copy of the documents required by the rules. Main Case Doc. #66. As additional grounds, the objection pointed out the lack of documents and disputed the claimed security interest in debtor's assets. *Id.* The Notice of Claim Objection detailed FRBP 3007(a)(2) service information and set a deadline for response. When Defendant failed to respond, the court entered an order upholding the objection by allowing the claim as a nonpriority unsecured claim for $324,566.91. Main Case Doc. #74. Plaintiff refers to the order, as the culmination of the claim objection process, in his complaint. Doc. #1, para. 12.

In his plan of reorganization, filed November 4, 2020, Plaintiff classified Defendant's claim in Class 1. Main Case Doc. #60. Class 1 acknowledged a secured claim in "business assets" valued at $98,787.11 with the balance of the claim treated as a Class 4 general unsecured

Page 3 of 9:  Memorandum Opinion on Defendant's Motion to Dismiss

Case 21-06002-tmr    Doc 28    Filed 09/30/21

claim. Defendant did not object to the plan or its treatment in it. The court confirmed the plan by order entered January 14, 2021. Main Case Doc. #84. Based on the order treating Proof of Claim #23 and representations at the confirmation hearing held on January 7, 2021, the confirmation order modified the treatment of Class 1 to eliminate all payment as a secured claim with the entire claim to be paid as a Class 4 general unsecured claim. The order further provided treatment that will depend on the results of this adversary proceeding. Main Case Doc. #84.

Defendant filed no objection to the plan or its confirmation, and it filed no appeal of either the order on the claim objection or the order confirming the plan. Plaintiff provided notice of substantial consummation of the plan (Main Case Doc. #89) and notice of the order confirming the plan (Main Case Doc. #90). Plaintiff filed his Final Account and applied for entry of the final decree. Main Case Doc. #110. The court entered the Final Decree and closed the case on May 19, 2021. Main Case Doc. #112. The case has remained closed.

**Core Proceeding:**

Congress granted bankruptcy courts the power to hear certain matters arising in, arising under, or related to title 11 cases. *See* 28 U.S.C. §§ 1334(b) and 157(b)(1).[6] Here, Defendant filed a notice that it does not consent to the entry of final orders or judgments by the bankruptcy judge. Doc. #13. The notice suggests that Defendant believes this matter is not a core proceeding and that the court lacks constitutional authority to enter final orders or judgments. Under such circumstances, Congress has instructed the bankruptcy judge to determine, even on the judge's own motion, whether the matter is a core proceeding. 28 U.S.C. § 157(b)(3).

In his complaint, Plaintiff seeks to assert the powers of a trustee under § 544(a) to avoid any interest Defendant has in property he alleges is property of the reorganized debtor. He also seeks to preserve any avoided transfer for the benefit of the estate under § 551. The claims, therefore, arise under the Bankruptcy Code. *See Battle Ground Plaza, LLC, v. Ray (In re Ray)*, 624 F.3d 1124, 1131 (9th Cir. 2010) (involved a statutory cause of action created by title 11).

---

[6] Although the statute provides that bankruptcy jurisdiction vests in the federal district courts, the district courts may refer the jurisdiction to the bankruptcy courts of the district. 28 U.S.C. § 157(a). The Oregon District Court has made the required referral with Local District Court Rule 2100-2(a).

Defendant argues that Georgia and Oregon law prevent Plaintiff from obtaining the relief requested in the complaint. The fact that the determinations might be affected by state law does not control the decision about whether the matter is core. 28 U.S.C. § 157(b)(3).

Further, the determinations on the avoidance claims could be influenced by this court's prior orders on the claim objection or the plan confirmation. The Supreme Court has confirmed that bankruptcy courts have jurisdiction to interpret their own prior orders. *Travelers Indemnity Co., v. Bailey*, 557 U.S. 137, 151 (2009) ("plainly had jurisdiction"). *See also Wilshire Courtyard v. California Franchise Tax Board (In re Wilshire Courtyard)*, 729 F.3d 1279, 1289 (9th Cir. 2013) (bankruptcy court had jurisdiction to interpret and enforce its own orders). The confirmed plan in this case also specifically preserved and vested any causes of action for the reorganized debtor and provided that the bankruptcy court retained jurisdiction to dispose of those claims. *See* Main Case Doc. #60, para. 10.13.2.

For these reasons, and based on Plaintiff's complaint, the court determines that the claims asserted are core under the provisions of 28 U.S.C. § 157(b)(2) as follows: (A) matters concerning the administration of the estate; (B) allowance and disallowance of claims against the estate; (K) determinations of the validity, extent, or priority of liens; and (O) other proceedings affecting the liquidation of assets of the estate or the adjustment of the debtor-creditor . . . relationship.

Even though this matter is a core proceeding, Defendant contests this court's authority over it. Plaintiff's complaint and Defendant's motion both erroneously asserted that Defendant did not file a proof of claim. Doc. #1, para. 11, and Doc. #7, para. 20. Plaintiff has acknowledged the error. *See* Doc. #14, p. 3. The claims register shows that Defendant filed Proof of Claim #23 on November 24, 2020. By filing a proof of claim, Defendant submitted to the jurisdiction of the bankruptcy court. *Langenkamp v. Culp*, 498 U.S. 42, 44 (1990), c*iting Granfinanciera, S.A., v. Nordberg*, 492 U.S. 33, 58-59 (1989). Therefore, this court has jurisdiction over Defendant and the claims asserted in the complaint.

///

///

**Motion to Dismiss:**

Defendant filed its motion to dismiss under FRCP 12(b)(6), incorporated into bankruptcy adversary proceedings by FRBP 7012(b). The analysis starts with a review of the complaint. FRCP 8(a)(2), made applicable by FRBP 7008, requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" The complaint need not contain "detailed factual allegations," but it must contain more than labels and conclusions or just "a formulaic recitation of the elements of a cause of action[.]" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

In general, dismissal without a hearing on the merits is disfavored. *Rennie & Laughlin, Inc., v. Chrysler Corp.*, 242 F.2d 208, 213 (9th Cir. 1957) ("case should be tried on the proofs rather than the pleadings"). To survive a motion to dismiss, a complaint need contain "only enough facts to state a claim of relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on a motion to dismiss under FRBP 12(b)(6), the court must accept as true all material allegations of the complaint and construe them in the light most favorable to the party opposing the motion. *See NL Industries, Inc., v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, need not accept as true "conclusory statements, statements of law, or unwarranted inferences cast as factual allegations." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Dismissal is warranted "only if it appears to a certainty that [the party opposing the motion] would be entitled to no relief under any state of facts that could be proved" within the facts alleged in the complaint. *Kaplan*, 792 F.2d at 898.

As a rule, the court should not consider matters beyond the pleadings in ruling on motions to dismiss. *See McCoy v. BNC Mortgage, Inc., (In re McCoy)*, 446 B.R. 453, 456 (Bankr. D. Or. 2011), *citing Hal Roach Studios, Inc., v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). The court may, however, consider materials submitted as part of the complaint or documents whose contents are alleged in the complaint and are not challenged

Page 6 of 9: Memorandum Opinion on Defendant's Motion to Dismiss

for authenticity. *Id*. *See also Branch v. Tunnell*, 14 F.3d 449, 453-454 (9th Cir. 1994), *cert. den.* 525 U.S. 1001 (1998). In addition, documents or matters subject to judicial notice including court records may be considered. *McCoy*, 446 B.R. at 456.

**Discussion:**

As detailed above, this action and the claims asserted by Plaintiff arise under the Bankruptcy Code. In Claim 1 of the complaint, Plaintiff asserts the rights of a trustee as lien creditor under § 544(a)(1) and (2). In Claim 2, he seeks to preserve the value of any avoided security interest for the benefit of the estate under § 551. Claim 3 is an asserted claim for attorney fees under the relevant contracts. The complaint lays out these bankruptcy claims along with the facts supporting the claims in a short and plain statement.

In chapter 11, debtors in possession have the rights of a trustee with some limited exceptions. § 1107. They can prosecute or defend any actions or proceedings on behalf of the bankruptcy estate. FRBP 6009. With trustee rights, debtors in possession are entitled to assert the claims of a judicial lien creditor, § 544(a)(1), or a creditor that attempts an execution that is unsatisfied, § 544(a)(2). If successful, the interest of a debtor in possession could take priority over certain claimed or unperfected security interests. The Bankruptcy Code, thus, allows for the avoidance of the claims and preservation of the avoided value for the benefit of the estate.

Plaintiff seeks that result in his complaint. He claims rights in the collateral, which Defendant apparently disputes. Plaintiff claims Defendant has no security interest or is not perfected. In this context, the court must accept as true the material allegations in the complaint and view them in the light most favorable to Plaintiff as the nonmoving party. Plaintiff will still need to prove any disputed elements, but his complaint asserts grounds sufficient for his bankruptcy claims.

Ignoring the bankruptcy claims, Defendant argues that Plaintiff lacks standing to enforce or dispute the notes and security agreements. That is not what Plaintiff has asserted. Defendant also asserts that Georgia law and Oregon law prevent assignment of the note obligations. Again, that is not what Plaintiff has asserted. Plaintiff has claimed the property was sold to him and that Defendant does not have a perfected security interest in that property. In the light most favorable

to Plaintiff, the complaint asserts facts supporting his claims, and if proven plead a basis for the relief requested. Those bankruptcy claims are what we will determine in this proceeding.

The parties do agree that neither this adversary proceeding nor the bankruptcy case change Defendant's rights to pursue its claims against the other parties to the contract—Calculated Comfort, LLC, and the other guarantor. *See* Doc. #21, p. 3. Defendant might have a claim for breach of contract and likely has the right to assert its claims against those parties. Those rights do not eliminate the right of the bankruptcy court to decide the bankruptcy issues, interpret its own orders, and determine the rights between Plaintiff as the debtor in this case and Defendant as a creditor with a filed proof of claim. This is the appropriate forum in which to determine the Plaintiff's rights to the property and the status of the claimed security interest, if any.

Defendant argues that, based on the forum selection clause in the underlying documents, the court should transfer this case to the Northern District of Georgia if it's not dismissed. It supports its argument by citing to Georgia and Oregon state law. As described above, the ultimate determinations will depend on the bankruptcy claims asserted and could be influenced by an interpretation of prior orders of this court. One objective for a federal system of bankruptcy elevates a "centralization" of debtors' disputes especially when the disputes involve core proceedings. *See Kismet Acquisition, LLC, v. Icenhower (In re Icenhower)*, 757 F.3d 1044, 1051 (9th Cir. 2014) (court may decline to enforce forum selection clauses). Defendant chose to submit to the jurisdiction of this court by filing a proof of claim and did not respond to earlier notices and determinations regarding the treatment of its claim. It now mounts what appears to be a collateral attack against prior rulings of this court, and the court denies it that option.

**Conclusion:**

This adversary proceeding is a core proceeding, and this court has jurisdiction over Defendant and the claims asserted in the complaint. Defendant's motion to dismiss or transfer will be denied. This memorandum opinion contains my findings of fact and conclusions of law as required by FRBP 7052. They will not be separately stated. The court will enter its own order

finding this matter to be a core proceeding and denying the Defendant's motion. Defendant will have 14 days from the entry of the order to file its answer pursuant to FRBP 7012(a).

###